# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS RAMIREZ MARTINEZ, | Case No. 1:26-cv-04401-KES-EPG-HC |
| Petitioner, | ORDER TO RESPOND |
| v. | ORDER SETTING BRIEFING SCHEDULE |
| WARDEN, et al., | ORDER TO ELECTRONICALLY FILE |
| Respondents. | TRANSCRIPTS AND OTHER NECESSARY DOCUMENTS |

Petitioner is a federal immigration detainee proceeding *pro se* with a petition of writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court has conducted a preliminary review of the Petition wherein Petitioner alleges that he came to the United States in 2019 and was arrested in his home on October 8, 2025. (ECF No. 1 at 5.[1]) The Court construes the Petition as raising a due process claim regarding Petitioner's re-detention and challenging the statutory authority for Petitioner's detention. It is not clear from the face of the Petition whether Petitioner is entitled to relief. 28 U.S.C. § 2243.

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases,[2] the Court HEREBY ORDERS:

1.      Within **FOURTEEN (14) days** of the date of service of this order, Respondent SHALL FILE a RESPONSE to the Petition, including the construed due process

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.
[2] The Rules Governing Section 2254 Cases may apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases.

1

claim regarding Petitioner's re-detention and challenge to the statutory authority for Petitioner's detention and **addressing whether this case is distinguishable from those cases in which this Court has granted habeas relief**. See Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473–74 (9th Cir. 1985) (court has discretion to fix time for filing a response).[3] A Response can be made by filing one of the following:

    A.    AN ANSWER addressing the merits of the Petition. Any argument by Respondent that Petitioner has procedurally defaulted a claim SHALL BE MADE in the ANSWER but must also address the merits of the claim asserted.

    B.    A MOTION TO DISMISS the Petition.

2.    Within **FOURTEEN (14) days** after service of this order, Respondent SHALL FILE any and all transcripts or other documents necessary for the resolution of the issues presented in the Petition. See Rule 5(c), Rules Governing Section 2254 Cases. **The transcripts or other documents shall only be filed electronically and, to the extent practicable, provided in Optical Character Recognition ("OCR") format. Respondent shall not file a hard copy of the transcripts or other documents unless so ordered by this Court.**

3.    If Respondent files an Answer to the Petition, Petitioner MAY FILE a Traverse within **FOURTEEN (14) days** of the date of service of Respondent's Answer. If no Traverse is filed, the Petition and Answer are deemed submitted at the expiration of the fourteen days. See Local Rule 230(l).

4.    If Respondent files a Motion to Dismiss, Petitioner SHALL FILE an Opposition or Statement of Non-Opposition within **FOURTEEN (14) days** of the date of service of Respondent's Motion. Any Reply to an Opposition to the Motion to Dismiss SHALL be filed within **SEVEN (7) days** after the Opposition has been

---

[3] See also Schwarz v. Meinberg, 478 F. App'x 394, 395 (9th Cir. 2012) (rejecting petitioner's contention that district court erred by permitting a time limit exceeding the limits specified in 28 U.S.C. § 2243).

filed in CM/ECF. The Motion to Dismiss will be deemed submitted when the time to reply has expired.

5.      The Court defers ruling on the motion to appoint counsel (ECF No. 2) pending further proceedings in this case.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 230(l). These dates should be considered as firm by all parties. If any party requires additional time, it should file a motion for amendment of the schedule before a deadline has passed and explain in detail why the party cannot comply with this schedule. Extensions of time will only be granted upon a showing of good cause. All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

Dated:   **June 10, 2026**                    /s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE