# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS RAMIREZ MARTINEZ,<br>Petitioner,<br>v.<br>WARDEN, et al.,<br>Respondents. | Case No. 1:26-cv-04401-KES-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND DIRECT RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER<br><br>(ECF No. 10) |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the undersigned recommends granting the first amended petition for writ of habeas corpus in part and ordering Respondent to provide Petitioner with an individualized bond hearing before an immigration judge.

## I.

## BACKGROUND

Petitioner is a citizen of Honduras who entered the United States in or around 2019. (ECF No. 10 at 7.[1]) On May 31, 2024, Petitioner was arrested for a violation of California Health & Safety Code section 11379(a) (transportation, sale, furnishing, etc. of controlled substances). On May 1, 2025, Petitioner was arrested for violations of California Health & Safety Code section 11352(a) (transportation, sale, giving away, etc. of designated controlled substances) and section 11351 (possession or purchase for sale of designated controlled substances). All charges remain pending. (ECF No. 10 at 10.)

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

The first amended petition alleges that on the morning of October 7, 2025, at approximately 4:00 a.m., Petitioner was asleep in his home when multiple armed federal officers entered the residence. Petitioner was removed from his home, transported to the U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") San Francisco field office, and then transported to the Mesa Verde ICE Processing Center.[2] Petitioner has been in immigration detention ever since. (ECF No. 10 at 8–9.)

Per the Form I-213 submitted by Respondents, on October 7, 2025, the Department of Homeland Security ("DHS") made an initial custody determination of "detained without bond."[3] (ECF No. 8-1 at 4.) On October 9, 2025, DHS issued a Notice to Appear ("NTA") charging Petitioner under 8 U.S.C. § 1182(a)(6)(A)(i), alleging he is "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (ECF No. 8-2 at 1.) On December 3, 2025, DHS issued Additional Charges of Inadmissibility (Form I-261), adding one additional charge under 8 U.S.C. § 1182(a)(7)(A)(i)(I), alleging Petitioner is "an immigrant not in possession of . . . [a] valid entry document required by the Immigration and Nationality Act." (ECF No. 8-3 at 1.)

On June 8, 2026, Petitioner filed a pro se petition for writ of habeas corpus. (ECF No. 1.) On June 24, 2026, Respondents filed a response. (ECF No. 8.) Petitioner obtained counsel and on July 3, 2026, a first amended petition ("FAP") was filed, raising the following claims for relief: (1) prolonged detention in violation of due process; (2) unlawful seizure, in violation of the Fourth Amendment; and (3) violation of statutory right to a bond hearing pursuant 8 U.S.C. § 1226(a). (ECF No. 10.) Respondents notified the Court that they "submit on the record and intend to rely on the response previously filed." (ECF No. 12.) On July 27, 2026, Petitioner filed a traverse. (ECF No. 13.)

---

[2] According to the Form I-213 submitted by Respondents, the Drug Enforcement Agency ("DEA") requested assistance from U.S. Immigration and Customs Enforcement in executing a search warrant associated with a DEA "investigation into a Honduran related to a couple of the buys DEA have done previously on the residence." (ECF No. 8-1 at 2.) "During the execution of the search warrant DEA seized 1,219.1 grams of fentanyl and 94.3 grams of cocaine[.]" (Id. at 3.) Petitioner asserts that he "has never been shown the underlying DEA search warrant referenced in the Form I-213, nor is he aware of any criminal charges lodged against him pursuant to that warrant." (ECF No. 10 at 9.)

[3] There is no Form I-286, Notice of Custody Determination, in the record before this Court.

On August 12, 2026, an immigration judge ("IJ") pretermitted Petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture and ordered Petitioner removed to Honduras. (ECF No. 14 at 7–10.) On August 14, 2026, Petitioner filed a Notice of Appeal to the Board of Immigration Appeals. (Id. at 2, 12.)

## II.

## DISCUSSION

### A. Applicability of 8 U.S.C. § 1226(c)(1)(A)

In the first and third causes of action, Petitioner challenges his continued detention on due process and statutory grounds. (ECF No. 10 at 12–15, 20–23.) Respondents assert that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) and that his detention is constitutional. (ECF No. 8 at 2–5.)

Congress has enacted a complex statutory scheme governing the detention of noncitizens during removal proceedings and following the issuance of a final order of removal. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

"Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings": 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a). Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). 8 U.S.C. § 1226(a) "is the default detention statute for noncitizens in removal proceedings." Avilez, 69 F.4th at 529. Detention under § 1226(a) "is discretionary" and "provides for release on bond or conditional parole." Id. Here, Respondents assert that Petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1)(A), which provides in pertinent part that the "Attorney General shall take into custody any alien who . . . is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title[.]" 8 U.S.C. § 1226(c)(1)(A). Section 1182(a)(2), in turn, enumerates various categories of offenses, including, as pertinent here:

> Any alien who the consular officer or the Attorney General knows or has reason to believe--

> **(i)** is or has been an illicit trafficker in any controlled substance or in any listed chemical (as defined in section 802 of Title 21), or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance or chemical, or endeavored to do so; or

8 U.S.C. § 1182(a)(2)(C)(i). Section 1226(c) "specif[ies] that the Attorney General 'may release' one of those aliens '*only if* the Attorney General decides' both that doing so is necessary for witness-protection purposes and that the alien will not pose a danger or flight risk." Jennings v. Rodriguez, 583 U.S. 281, 303 (2018) (emphasis in original).

Respondents argue that due to Petitioner's admission "that he was arrested at his home during the same operation where the government executed a warrant and seized fentanyl and cocaine" and his "two prior arrests for drug trafficking offenses with charges pending," "there is reason to believe Petitioner was involved in the illicit trafficking of drugs, he is inadmissible under 8 U.S.C. § 1182(a)(2)(C) and, thus, subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A)." (ECF No. 8 at 3.) Petitioner asserts that "Respondents have never charged Petitioner with any criminal or controlled-substance ground of inadmissibility" and argues "[d]etention authority is measured against the grounds the agency has actually invoked in its charging documents, not against theories developed in litigation." (ECF No. 13 at 3.)

The Court finds S.G. v. Warden of the Golden State Annex Det. Facility, No. 1:26-CV-03322-TLN-JDP, 2026 WL 2475525 (E.D. Cal. Aug. 24, 2026), instructive:

> "[T]he plain language of 8 U.S.C. § 1226(c)(1)(A) requires an administrative charge of inadmissibility by reason of having committed an offense covered in 8 U.S.C. § 1182(a)(2) as prerequisite to mandatory detention under that provision." *Colmenares-Pinto v. Warden of Golden State Annex Ice Det. Facility*, No. 1:26-CV-00812-DAD-SCR, 2026 WL 923804, at *2 (E.D. Cal. Apr. 6, 2026), *report and recommendation adopted*, 2026 WL 1430913 (E.D. Cal. May 21, 2026). Indeed, this District routinely finds that § 1226(c)(1)(A) does not authorize mandatory detention where the government has failed to charge a noncitizen with any offense covered by § 1182(a)(2). *See id.*; *Miao v. Chestnut,* No. 1:26-cv-1271-KES-SKO, 2026 WL 947020, at *3 (E.D. Cal. April 8, 2026); *Lopez v. Warden, California City Det. Facility*, No. 1:26-CV-4852-DC-JDP, 2026 WL 2280944, at *3 (E.D. Cal. Aug. 7, 2026).

> The Board of Immigration Appeals has ruled similarly, and further explains that, although the government may later cure the failure to charge the basis for mandatory detention, it must be rectified with proper notice and an opportunity to challenge detention:
>
>> Where the ground for removal subjects [a noncitizen] to mandatory detention, the charging document serves as notice to the [noncitizen] of the circumstances relied on by the [Department of Homeland Security] to detain him. However, where the basis for detention is not included in the charging document, the [noncitizen] must be given notice of the circumstances or convictions that provide the basis for mandatory detention and an opportunity to challenge the detention before the Immigration Judge during the bond redetermination hearing.
>
> *Matter of Kotliar*, 24 I&N Dec. 124 (BIA 2007).
>
> A Notice to Appear is the typical charging document in immigration proceedings. 8 C.F.R. § 1003.13; *see also* 8 U.S.C. § 1229(a)(1) (the Notice to Appear must specify "[t]he nature of the proceedings against the [noncitizen]," "the legal authority under which the proceedings are conducted," and "the acts of conduct alleged to be in violation of the law.").
>
> Taken together, where the government has failed to charge or notify a detainee of an offense covered by § 1182(a)(2), § 1226(c)(1)(A) does not govern their detention.

S.G., 2026 WL 2475525, at *2.

Here, Respondents have failed to charge Petitioner with an offense covered by 8 U.S.C. § 1182(a)(2). The NTA charges Petitioner with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as a noncitizen present in the United States without being admitted or paroled or who arrived in the United States at any time or place other than as designated by the Attorney General. (ECF No. 8-2 at 1.) The NTA does not state that Petitioner is charged with inadmissibility under § 1182(a)(2), nor does it reference any alleged illicit drug trafficking. Further, the additional charges of inadmissibility charge Petitioner with inadmissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as a noncitizen who is not in possession of a valid entry document. (ECF No. 8-3 at 1.) The additional charges do not state that Petitioner is charged with inadmissibility under § 1182(a)(2), nor do they reference any alleged illicit drug trafficking.

There is nothing in the record before this Court that Respondents notified Petitioner of the basis for his mandatory detention under § 1226(c)(1)(A). "Indeed, there is no evidence in the

record that Petitioner ever knew the government was subjecting him to mandatory detention under § 1226(c)(1)(A), or that he could challenge that basis for detention, until Petitioner sought relief in federal court and Respondents opposed his habeas petition." S.G., 2026 WL 2475525, at *3. This "raise[s] serious due process concerns" and "[o]n this basis alone, the Court finds Petitioner's detention cannot be governed by § 1226(c)(1)(A)." Id. Accordingly, the undersigned recommends finding that Petitioner is entitled to relief on the first and third causes of action.

**B. Appropriate Remedy**

In determining what the appropriate remedy should be, the Court finds S.G., 2026 WL 2475525, and Miao v. Chestnut, No. 1:26-cv-01271-KES-SKO (HC), 2026 WL 947020 (E.D. Cal. Apr. 8, 2026), instructive. In S.G., the court found § 1226(c)(1)(A) did not authorize mandatory detention where the government failed to charge the petitioner with any offense covered by § 1182(a)(2) and ordered immediate release of the petitioner, who had entered the United States without inspection, had been convicted of false imprisonment and two counts of misdemeanor unlawful possession of a controlled substance, and was detained for nearly four months without a bond hearing. S.G., 2026 WL 2475525, at *1–3, 5. In Miao, the court found § 1226(c)(1)(A) did not authorize mandatory detention where the government failed to charge the petitioner with any offense covered by § 1182(a)(2) and ordered immediate release of the petitioner, who previously had been released and then re-detained following an arrest for misdemeanor engaging in prostitution, because "[t]he contention that an arrest, without more, constitutes evidence of criminal activity is without merit." Miao, 2026 WL 947020, at *1 (internal quotation marks omitted) (quoting Duncan v. California, No. S-04-523 LKK/PAN, 2006 WL 1883385, at *2 (E.D. Cal. July 7, 2006)).

Additionally, "[t]his Court has typically ordered immediate release [when] respondents have taken the position that petitioner is subject to mandatory detention under § 1225(b) and did not purport to justify petitioner's detention under § 1226(a)." Cortez Dominguez v. Warden, No. 1:26-cv-05883-KES-FJS (HC), 2026 WL 2552740, at *1 (E.D. Cal. Aug. 30, 2026). Similarly, here, Respondents have taken the position that Petitioner is subject to mandatory detention under § 1226(c)(1)(A), which the Court has found is inapplicable, and do not purport to justify

Petitioner's detention under § 1226(a). Accordingly, for the reasons set forth in S.G., Miao, and Cortez Dominguez, the undersigned recommends finding that immediate release is the appropriate remedy.[4]

**III.**

**RECOMMENDATION**

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be GRANTED on the first and third causes of action; and
2. Respondent be directed to immediately release Petitioner.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 16, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE

[4] In light of this conclusion, the Court declines to address Petitioner's Fourth Amendment claim.